An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

CAROLINE J. KARL,
Appellant,
vs.
HSBC BANK USA, NA, AS TRUSTEE
FOR MERRILL LYNCH ALTERNATIVE
NOTE ASSET TRUST, SERIES 2007-A3,
AN UNKNOWN ENTITY; AMERICA'S
SERVICING COMPANY, AN
UNKNOWN ENTITY; AND QUALITY
LOAN SERVICE CORPORATION, A
FOREIGN ENTITY,
Respondents.

No. 61445

FILED

SEP 20 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order on remand denying a petition for judicial review in a foreclosure mediation program matter. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

In a prior appeal in this matter, we affirmed in part and reversed in part a district court order denying a petition for judicial review and remanded the matter to the district court to clarify its findings regarding whether respondent HSBC Bank USA, NA provided sufficient documentation at the mediation, as the certifications for the deed of trust and promissory note were executed by Wells Fargo Home Mortgage instead of HSBC, and to determine if sanctions were warranted. *See Karl*

13-28060

*v. HSBC Bank, USA, NA,* Docket No. 57561 (Order Affirming in Part, Reversing in Part and Remanding, January 20, 2012). On remand, following a hearing, the district court entered an order concluding that HSBC provided sufficient documentation because Wells Fargo was acting as HSBC's servicer. Appellant now appeals, arguing that insufficient documentation was provided to establish the district court's finding.

In an appeal from a district court order granting or denying judicial review in an FMP matter, this court defers to the district court's factual determinations and reviews de novo the district court's legal determinations. *Edelstein v. Bank of N.Y. Mellon,* 128 Nev. ___, ___, 286 P.3d 249, 260 (2012). To obtain an FMP certificate, a deed of trust beneficiary must: (1) attend the mediation; (2) participate in good faith; (3) bring the required documents; and (4) if attending through a representative, have a person present with authority to modify the loan or access to such person. NRS 107.086(4) and (5); *Leyva v. Nat'l Default Servicing Corp.,* 127 Nev. ___, ___, 255 P.3d 1275, 1278-79 (2011).

Having reviewed the briefs and appendix on appeal, we affirm the district court's finding that sufficient documentation was presented by HSBC. Appellant argues that no document was provided establishing that Wells Fargo was acting as servicer for HSBC, but no statute or foreclosure mediation rule required production of such a document at the time the relevant mediation took place. *See Edelstein,* 128 Nev. at ___ n.11, 286 P.3d at 260 n.11. Based on the district court's finding that Wells Fargo acted as servicer for HSBC, the record demonstrates that the required documents were provided at mediation. Therefore, the district court

properly denied the petition for judicial review and sanctions. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Patrick Flanagan, District Judge
Terry J. Thomas
Snell & Wilmer, LLP/Las Vegas
McCarthy & Holthus LLP/Reno
Washoe District Court Clerk

_____

[1]We limit our review on appeal to the issues outlined in our prior order of remand. As such, we do not address the other arguments raised by the parties in their appellate briefs.